United States District Court
Southern District of Texas
**ENTERED**
April 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT JAMES SWINT,<br>(Inmate # 80485),<br><br>     *Plaintiff,*<br><br>vs.<br><br>NATIONAL AERONAUTICS AND<br>SPACE ADMINISTRATION,<br><br>     *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-26-3158 |

## MEMORANDUM OPINION AND ORDER

Robert James Swint, (Inmate #80485), is currently incarcerated at the Columbia County Jail in St. Helens, Oregon. Proceeding *pro se*, he filed a rambling and largely incoherent letter, which the Court has construed as a civil-rights complaint under 42 U.S.C. § 1983 against the National Aeronautics and Space Administration. (Dkt. 1). Swint alleges that since the release of the movie "Armageddon," "mysterous [sic] meteoroids" have been sent to earth to "manually disarm it." (*Id.*). He also refers to Moe's Tavern, "Tax Day," and Job 4:21. (*Id.*). He requests "88 billion for the job." (*Id.* at 2). Swint neither paid the applicable filing fee nor filed a motion seeking leave to proceed *in forma pauperis*. But because Swint is not entitled to proceed *in forma pauperis*, his action is dismissed as explained below.

## I.    DISCUSSION

Swint is incarcerated, so his action is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not bring a civil action *in forma pauperis* if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Publicly available court records reflect that, while Swint has been incarcerated, he has filed at least three civil actions that the courts have dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Swint v. Dep't of Justice, et al.*, No. 1:23-cv-292-MAC-CLS (E.D. Tex. Dec. 18, 2023) (dismissed as frivolous); *Swint v United States*, No. 4:21-cv-01793 (S.D. Tex. Mar. 31, 2022) (dismissed as frivolous); *Swint v. Dean*, No. 2:21-cv-01068-SSV (E.D. La. Dec. 7, 2021) (dismissed as frivolous).[1] As a result of these

---

[1]Publicly available records appear to show that Swint has filed dozens of other complaints in federal courts across the country. *See* PACER, www.pcl.uscourts.gov (visited Apr. 22, 2026).

prior filings, Swint may not proceed with this civil action *in forma pauperis* unless his pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

The imminent-danger exception "operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury." *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015). To fall within the exception, the inmate must be in imminent danger of serious physical injury when he files his complaint in the district court. *See Baños*, 144 F.3d at 884-85. The threat of injury must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the inmate must be facing "a genuine emergency" in which "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending[, and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Allegations of past harm do not trigger the exception. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B,

3/5

2013 WL 6640391, at *1 (N.D. Tex. Dec. 17, 2013). Further, the threat of imminent serious physical injury must be related to the allegations in the plaintiff's complaint. *See, e.g., Judd v. Fed. Election Comm'n*, 311 F. App'x 730, 731 (5th Cir. 2009) (per curiam); *Stine*, 571 F. App'x at 354 (rejecting a claim of imminent danger when the plaintiff did not "plausibly plead any connection between the alleged imminent danger" and his claims). In addition, "[p]risoners cannot exempt themselves from the operation of § 1915(g) by claiming that they are in imminent danger at all times and under all circumstances." *Morris v. Walls*, No. 19-cv-0006-DC, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019); *see also Abdul-Akbar*, 239 F.3d at 315 n.1 (generalized complaints of ongoing harassment, conspiracies to harm the plaintiff, or other forms of retaliation are insufficient to show an imminent danger of serious physical injury for purposes of § 1915(g)).

Swint's complaint, such as it is, does not allege facts showing that he is in imminent danger of serious physical injury from the defendants at this time. Swint does not fall within the imminent-danger exception to the three-strikes rule. He is therefore not entitled to proceed *in forma pauperis* in this action.

## II.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The prisoner civil-rights action filed by Robert James Swint, (Dkt. 1), is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

4/5

2. All pending motions are **DENIED as moot.**

3. Swint may move to reinstate this case only if he pays the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____ *Apr 23* _____, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

5/5